# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0699V

| | |
|---|---|
| KRISTINE LAW,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 30, 2023 |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA*, for Petitioner.

*Andrew Henning, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 12, 2021, Kristine Law filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu") vaccine on September 20, 2020.[3] Petition at 1, ¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 26, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On June 30, 2023, Respondent filed a proffer on award of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner also filed an amended petition with additional detail and medical records citations on March 14, 2022. ECF No. 17.

compensation ("Proffer") indicating Petitioner should be awarded $56,862.99, representing compensation in the amounts of $55,000.00 for her pain and suffering and $1,862.99 for her out-of-pocket expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>56,862.99</u>, representing compensation in the amounts of $55,000.00 for her pain and suffering and $1,862.99 for her unreimbursable expenses[4] in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Although Respondent does not indicate whether any portion of these amounts include future pain and suffering or future expenses, given the facts of the case – including the need for a ruling regarding the severity requirement, I assume all amounts are actual and not projected.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KRISTINE LAW,<br><br>                          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                          Respondent. | No. 21-699V (ECF)<br>Chief Special Master Corcoran<br>SPU |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 12, 2021, Kristine Law ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine she received on September 20, 2020. Petition at 1.

On May 26, 2023, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 34. On May 26, 2023, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA. ECF No. 35.

**I.** **Items of Compensation**

    A.    <u>Pain and Suffering and Out-of-Pocket Expenses</u>

Respondent proffers that petitioner should be awarded **$55,000.00** in pain and suffering and **$1,862.99** in out-of-pocket expenses. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

## II.      Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$56,862.99**, in the form of a check payable to petitioner.  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/ ANDREW J. HENNING*
ANDREW J. HENNING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4405
Email: andrew.j.henning@usdoj.gov

DATED: June 30, 2023

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2